**Mei Rong WANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE & Attorney General Gonzales,[1] Respondent.**

No. 02–4993–ag.

United States Court of Appeals, Second Circuit.

March 3, 2006.

Yee Ling Poon, Robert Duk–Hwan Kim, Law Offices of Yee Ling Poon, New York, New York, for Petitioner.

Michael J. Sullivan, United States Attorney, District of Massachusetts, Karen L. Goodwin, Assistant United States Attorney, Springfield, Massachusetts, for Respondent.

PRESENT: Hon. WALKER, Chief Judge, Hon. RALPH K. WINTER, and Hon. ROBERT D. SACK, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto Gonzales is automatically substituted for former Attorney General, John Ashcroft, as the respondent in this case.

## SUMMARY ORDER

Mei Rong Wang, through counsel, petitions this Court for review of the BIA decision affirming, without opinion, the decision of an immigration judge ("IJ") denying her application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

▮ Here, the IJ properly found Wang's testimony incredible based on the inconsistent and implausible nature of important aspects of that testimony. *See Dong v. Ashcroft*, 406 F.3d 110, 111 (2d Cir.2005) (*per curiam*) (noting that an adverse credibility finding based on "inconsistent statements ... or on contradictory evidence or inherently improbable testimony" generally prevents a reviewing court from concluding the factfinder was incorrect). Specifically, the IJ found Wang's testimony regarding the jobs she held while she was in hiding from Chinese family planning officials to be internally inconsistent, as she initially testified that she was a teacher, but then claimed that she worked in a factory and later contradicted that testimony by stating that she worked in a different position at the school where she previously taught. Further, the IJ noted that, while Wang had stated in her credible fear interview that she had a miscarriage in April 2000, she testified during

her hearing that the miscarriage never occurred. Additionally, the IJ found that Wang's testimony regarding the insertion of her first IUD implausible, as she was unable to explain what had happened to this IUD after her second pregnancy, abortion, and insertion of a second IUD.

▮ Wang's claim that the BIA erred in failing to address her asylum claim in light of the birth of her child subsequent to the IJ's hearing is meritless because, while Wang claimed that she feared returning to China after having had a second child, she provided no objective proof that she would be persecuted by the Chinese government. *See Ramsameachire*, 357 F.3d at 178 (explaining that, to establish asylum eligibility based on future persecution, an applicant must show that he or she subjectively fears persecution and that this fear is objectively reasonable).

As Wang has not satisfied the standard for granting asylum, she cannot meet the higher standard for granting withholding of removal. *See Ramsameachire*, 357 F.3d at 178. Additionally, because the IJ correctly found Wang's asylum claim incredible, Wang cannot meet the standard for granting CAT relief. *See Yang v. United States Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005) (explaining that, because the IJ had found incredible the petitioner's claim regarding her allegedly forced sterilization, the IJ properly denied the petitioner's CAT claim, as her forced sterilization "formed the only potentially valid basis for [the petitioner's] CAT claim").

We have reviewed Wang's additional claims and find them to be without merit.

Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DENIED as

moot. Any pending request for oral argument in this proceeding is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).